IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | CIVIL NO. 99-5970 (MLC) |
| STATE OF NEW JERSEY AND THE : DIVISION OF STATE POLICE OF THE NEW JERSEY DEPARTMENT OF LAW AND : PUBLIC SAFETY, | |
| : | |
| Defendants. | |
| : | |

**CERTIFICATION IN SUPPORT OF THE JOINT MOTION FOR
TERMINATION OF THE CONSENT DECREE**

I, Anne Milgram, hereby certify the following in support of the parties' joint motion to terminate the Consent Decree in this matter:

1.  I am the Attorney General of New Jersey. Among my duties and responsibilities as the Attorney General is to direct and supervise the operation and administration of the Department of Law and Public Safety.

2.  The Department of Law and Public Safety consists of eight divisions among which is the Division of State Police. The day-to-day operations of the Division of State Police are administered by the Superintendent, who is responsible to me for the performance of the division and the activities of individual State troopers.

3.  In December of 1999, the parties in this matter entered into a Consent Decree. The purpose of the decree is to reform the practices and procedures of the Division of State

Police to ensure that citizens traveling the roadways of New Jersey are not deprived of the privileges and immunities secured by the Constitution and laws of the United States. The decree requires the State of New Jersey and the State Police to undertake the following activities:

a. Adopt and implement policies that mandate the non-discriminatory enforcement of the motor vehicle laws of the State of New Jersey by individual State troopers.

b. Ensure that individual State troopers properly document and record information concerning all motor vehicle stops and any law enforcement activities that result from the stops.

c. Ensure that State Police supervisors review information collected during motor vehicle stops to ensure that individual State troopers engage in the non-discriminatory enforcement of the motor vehicle laws.

d. Conduct supervisory and management reviews of State Police personnel and units to ensure compliance with provisions of the Consent Decree.

e. Develop and implement a computerized risk management database to assist in conducting the appropriate supervisory and management reviews.

f. Adopt policies and procedures governing the receipt, investigation and resolution of citizen complaints of trooper misconduct to ensure the impartial investigation and appropriate resolution of those complaints.

g. Develop and provide training programs for all State troopers concerning the requirements of the Consent Decree, cultural diversity, non-discriminatory law enforcement and the principles governing search and seizure.

4. Immediately following entry of the Consent Decree, the State of New Jersey and the Division of State Police undertook vigorous efforts to implement the requirements of the decree. These efforts, as set forth below in paragraphs 5 through 11, were aimed at ensuring that the State Police engaged in non-discriminatory law enforcement practices and the operations of the division were in full compliance with the decree.

5. The Office of State Police Affairs was created in the Department of Law and Public Safety to assist in the implementation of the Consent Decree. The office, which serves under my direct supervision, acts as liaison between the Department of Justice, and the State of New Jersey and the Division of State Police. In addition, the office is responsible for the duties outlined by paragraph 110 of the decree. These duties include oversight of the manner in which allegations of trooper misconduct are investigated and adjudicated by the State Police, the implementation of the risk management system by the State Police and the review by State Police supervisors of motor vehicle stops conducted by individual State troopers.

6. Following entry of the Consent Decree, the Division of State Police revised its policies and procedures governing motor vehicle stops. In addition, the division amended its policies and procedures governing search and seizure. The revised policies and procedures mandate the non-discriminatory enforcement of the motor vehicle laws of New Jersey and the lawful search and seizure of motor vehicles stopped by individual State troopers. All revisions implemented by the division were approved by the Department of Justice.

7. Following entry of the Consent Decree, the State of New Jersey moved to equip all marked State Police vehicles with mobile video recorders. The recorders document motor vehicle stops undertaken by individual State troopers. In addition, the Division of State Police

revised its policies and procedures to ensure that paper and electronic records of each motor vehicle stop were created and maintained by the division.

8.  Following entry of the Consent Decree, the Division of State Police implemented policies and procedures that mandate that State Police supervisors collect and review the information outlined in the preceding paragraph for the purpose of evaluating the activities of individual State troopers during motor vehicle stops. The revised policies and procedures emphasize review by State Police supervisors of motor vehicle results stops in which: a) a driver is asked to consent to the search of their vehicle; b) a canine is deployed to assist in developing probable cause; c) a State trooper utilizes force during the stop; d) a probable cause search of a vehicle is conducted; or e) a probable cause search of a person is conducted. All other motor vehicle stops are subject to supervisory review, but the review of those stops is not mandated.

9.  Following entry of the Consent Decree, the Division of State Police developed and implemented a computerized risk management system. The system, designated the Management Awareness and Personnel Performance System (MAPPS), is designed to promote appropriate and lawful conduct by individual State troopers through the collection of information from a variety of sources within the State Police. The information collected by MAPPS includes motor vehicle stop data, information related to trooper conduct including compliments and complaints, training information and incidents of supervisory intervention and corrections. Implementation of MAPPS by the State Police has permitted supervisory personnel to identify and modify potentially problematic behavior by individual State troopers before such behavior mandates formal disciplinary action.

10. Following entry of the Consent Decree, the Division of State Police revised its policies and procedures governing the receipt, investigation and adjudication of complaints of trooper misconduct. In addition, the Office of Professional Standards was created within the State Police to administer the investigation and adjudication of complaints of misconduct. The office was provided with the staffing and resources necessary to fully, impartially and expeditiously investigate and adjudicate all complaints of trooper misconduct.

11. Following entry of the Consent Decree, the Division of State Police revamped its training functions to ensure that individual State troopers received training of the highest quality in the topics of non-discriminatory law enforcement, cultural diversity and the legal principles governing search and seizure. Training curricula were revised to reflect state of the art law enforcement practices. In addition, the criteria for individual State troopers assigned to the training function were revised to ensure that the best possible candidates are selected to act as training instructors. Finally, the State Police implemented procedures to evaluate the training function to ensure that individual training programs were timely, relevant and reflected the current state of the law with respect to the constitutional rights of the citizens of New Jersey.

12. All of the foregoing activities were examined and evaluated on an ongoing basis by the Independent Monitors appointed by the Court. The monitors regularly audited and reviewed the efforts of the State of New Jersey and the Division of State Police to implement the provisions of the Consent Decree. A total of seventeen reports have been filed with the Court by the monitors. Sixteen reports were prepared by the monitors themselves. The seventeenth report was prepared by the Office of State Police Affairs under the direction and supervision of the monitors. Each report carefully examined efforts of the State of New Jersey and the State Police

to comply with the provisions of the decree. In addition, each report evaluated the success of those efforts in great detail.

13. Paragraph 131 of the Consent Decree governs dissolution of the decree. Under paragraph 131, the parties may move to terminate the decree if the Independent Monitors determine that the State of New Jersey and the Division of State Police have been in "substantial compliance" with the decree for at least two years. Substantial compliance is defined by paragraph 131 as the performance of the material terms of the decree.

14. Beginning with their tenth report for the period ending March 31, 2004 through the seventeenth report that was filed for the period ending December 31, 2007, the Independent Monitors have found the State of New Jersey and the Division of State Police to be in substantial compliance with the terms of the Consent Decree. According to the monitors, compliance with the terms of the decree has been continuous and uninterrupted during that period of time. The Office of State Police Affairs is presently preparing a report evaluating compliance by the State Police with the terms of the decree for calendar year 2008. Furthermore, it is my understanding that based on the performance of the State of New Jersey and the State Police, the monitors have recommended that the decree be dissolved.

15. In addition to meeting the requirements of the Consent Decree, the Court should be aware that the State of New Jersey has taken additional steps to ensure that the goals and objectives of the decree endure beyond the tenure of the decree. Those steps are outlined below.

16. First, in anticipation of the dissolution of the Consent Decree and for the purpose of ensuring that the goals and objectives of the decree endure, the Department of Justice and the Independent Monitors agreed to delegate the preparation of the monitors' most recent

report to the State of New Jersey and, more specifically, to the Office of State Police Affairs (OSPA). Under the direction and supervision of the monitors, OSPA performed the same activities previously performed by the monitors to measure and evaluate the compliance of the State Police with the provisions of the decree. The report prepared by OSPA was reviewed and found acceptable by both the monitors and the Department of Justice. It was filed with the Court in April of 2009.

17. In addition, OSPA has commenced preparation of the eighteenth report for the period ending December 31, 2008. Preparation of the report by OSPA was begun with the approval of the Department of Justice and the Independent Monitors. In addition, the monitors have provided OSPA with their counsel and guidance during the preparation of the report. It is anticipated that the report will be completed within sixty days of the date of the motion to terminate the Consent Decree.

18. The purpose of having OSPA prepare the Independent Monitors' most recent report was to have the State of New Jersey develop the capability and skills necessary to monitor and evaluate the activities of the State Police with reference to the principles outlined in the Consent Decree. I believe that with the oversight and guidance of the Independent Monitors, OSPA has developed the skills necessary to monitor and evaluate the activities of the State Police. Thus, I believe that the State of New Jersey can and will ensure that the goals and objectives of the decree will continue to be served even after the dissolution of the decree.

19. Second, the New Jersey Legislature has passed legislation designed to codify many of the goals and objectives of the Consent Decree. The legislation embodies recommendations made by Governor Jon S. Corzine's Advisory Committee on Police Standards.

Governor Corzine established the committee to examine the policies and practices of the Division of State Police and its compliance with the decree. The committee concluded that the State Police, working in conjunction with OSPA, had restored accountability, integrity and professionalism within the organization. The committee further concluded that the State Police had achieved compliance with the terms of the decree. The committee recommended that the decree be terminated provided the reforms achieved by the State Police under the decree were institutionalized and, if necessary, codified by statute.

20. The legislation directs the Attorney General, through the newly created Office of Law Enforcement Professional Standards (the successor to OSPA), to continue to undertake activities designed to: a) identify potential disparities in the enforcement of the law by the State Police; b) identify systemic problems as they may exist with respect to patrol activities undertaken by the State Police; and c) monitor investigations of trooper misconduct. The legislation further directs the Office of Law Enforcement Professional Standards to make recommendations to the Attorney General of New Jersey and the Superintendent of the State Police for appropriate remedial actions when problems or disparities are identified. A copy of the legislation is attached to this certification as Appendix A.

21. As outlined by the Independent Monitors in their reports, the State of New Jersey and the Division of State Police are in substantial compliance with the provisions of the Consent Decree. The State of New Jersey and the State Police have implemented policies and procedures that constitute "performance of the material items" of the decree, and compliance with the terms of the decree have been continuous and ongoing for approximately forty-five months. Thus, the criteria for dissolution of decree established by Paragraph 131 have been satisfied.

22.     Furthermore, the State of New Jersey has enacted legislation that codifies many of the goals and objectives of the Consent Decree to ensure that principles set forth by the decree carry forward following the dissolution of the decree. This legislation will be signed into law by Governor Corzine on August 27, 2009. In addition, the State of New Jersey has established a mechanism, namely the Office of State Police Affairs (and its successor the Office of Law Enforcement Professional Standards), that will enable me and my successors to continue to review and evaluate the activities of the State Police following dissolution of the decree.

I certify that the foregoing statements made by me are true to the best of my information and belief. I am aware that if any statement contained herein is willfully false, I am subject to punishment.

_____
Anne Milgram
Attorney General of the State of New Jersey

Dated: August 26, 2009